**BAKER & HOSTETLER LLP**
Heather J. McDonald (HM 3320)
Robertson D. Beckerlegge (RB 1829)
Kevin M. Wallace (KW 1284)
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

BURBERRY LIMITED; HERMÈS
INTERNATIONAL; COMPTOIR NOUVEAU DE LA
PARFUMERIE; MICHAEL KORS, L.L.C.;
THE NORTH FACE APPAREL CORP.;
VF OUTDOOR, LLC; TIMBERLAND, A DIVISION
OF VF OUTDOOR, LLC; TBL LICENSING LLC,

          Plaintiffs,

      -against-

VARIOUS JOHN DOES, JANE DOES, and
XYZ COMPANIES,

          Defendants.

CIVIL ACTION NO.

17 CV _____

## COMPLAINT

    Plaintiffs Burberry Limited, Hermès International, Comptoir Nouveau de la Parfumerie,

Michael Kors, L.L.C., The North Face Apparel Corp., VF Outdoor, LLC, Timberland, a division of

VF Outdoor, LLC, TBL Licensing LLC (collectively "Plaintiffs") through their attorneys,

complaining of Defendants, allege as follows:

## STATEMENT OF THE CASE

1.     Plaintiffs seek monetary and injunctive relief against Defendants for numerous causes of action, including but not limited to, (i) trademark counterfeiting, in violation of 15 U.S.C. § 1114; (ii) trademark infringement, in violation of 15 U.S.C. § 1114; (iii) false descriptions/false designations of origin, in violation of 15 U.S.C. § 1125; and (iv) common law trademark infringement and unfair competition.

2.     Certain areas of New York City have long been major distribution hubs for counterfeit goods that are sold throughout the United States.  Wholesale and retail sales of counterfeit goods occur frequently and regularly from locations around the city.  Plaintiffs in this case, and trademark holders in general, have been plagued by the sale and distribution of counterfeit goods at locations all over New York City for years.  To combat this illegal activity and protect their world-famous and valuable names, reputations, and trademarks, Plaintiffs have, at great expense, commenced and led enforcement efforts in and around New York City.  Plaintiffs regularly work with law enforcement in operations against the individuals and entities selling counterfeit goods bearing its trademarks.  Arrests for trademark counterfeiting have been made routinely by the New York City Police Department and by other agencies.  The Mayor's Office of Special Enforcement for the City of New York has conducted numerous enforcement operations against the sellers of counterfeit goods.

## JURISDICTION AND VENUE

3.     These claims arise under the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.*, particularly under 15 U.S.C. § 1114(1). This Court has subject matter jurisdiction over the claims in this action which relate to trademark counterfeiting and infringement, dilution and false designations

of origin and false descriptions pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121.

4.      This Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a), since the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

5.      Venue is proper in this judicial district under 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claims alleged by Plaintiffs occurred within the City, State and County of New York.

## THE PARTIES

6.      Plaintiff Burberry Limited is a corporation duly organized and existing under the laws of the United Kingdom and having an office and principal place of business at Horseferry House, Horseferry Road, London, SW1P 2AW, United Kingdom.  Burberry maintains an office in the United States at 444 Madison Avenue, New York, NY 10022 ("Burberry").

7.      Plaintiff Hermès International is a corporation, organized and existing under the laws of France, having its principal place of business located at 24, rue du Faubourg Saint-Honore, Paris, France.

8.      Plaintiff Comptoir Nouveau de la Parfumerie is a corporation, organized and existing under the laws of France, having its principal place of business located at 23 Rue Boissy d'Anglas, Paris, France 75008 (Hermès International and Comptoir Nouveau de la Parfumerie are hereinafter collectively referred to as "Hermès").

3

9.     Plaintiff Michael Kors, L.L.C. is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business located at 11 West 42nd Street, New York, NY 10036 ("MK").

10.     Plaintiff The North Face Apparel Corp. is a corporation duly organized and existing under the laws of the State of Delaware, with a corporate address of 3411 Silverside Road, Wilmington, DE 19810.

11.     Plaintiff VF Outdoor, LLC is a corporation duly organized and existing under the laws of the State of Delaware, with a corporate address of 2701 Harbor Bay Pkwy, Alameda, CA 94502 (The North Face Apparel Corp. with Plaintiff VF Outdoor are hereinafter collectively referred to as "TNF").

12.     Plaintiff Timberland, a division of VF Outdoor, LLC, is a corporation duly organized and existing under the laws of the State of Delaware with a principal place of business located at 200 Domain Drive, Stratham, New Hampshire 03885.

13.     Plaintiff TBL Licensing LLC, an affiliate of Timberland, is a corporation duly organized and existing under the laws of the State of Delaware with a principal place of business located at 200 Domain Drive, Stratham, New Hampshire 03885 (Timberland, a division of VF Outdoor, LLC, with TBL Licensing LLC are hereinafter referred to as "Timberland").

14.     Plaintiffs are informed and believe and thereupon allege that at all times relevant hereto defendants various John Does, Jane Does, and XYZ Companies (collectively referred to as "Defendants"), are and have been doing business in the city and State of New York at the following locations: Manhattan Mini Storage, 260 Spring Street, Floor 8, Aisle 18, Room 28 & Floor 8, Aisle 18, Room 13, New York, New York 10013; 155 West 29th Street, Basement, New York, New

4

York 10001; and a Ford Windstar Minivan using Pennsylvania license plate nos. ZKJ0543, ZFP7371, and KGS3676 on Broadway between 28th and 29th Streets, New York, New York 10001.

15.     Plaintiffs are informed and believe and thereupon allege that at all times relevant hereto Defendants have purchased, sold, and/or distributed counterfeit goods bearing Plaintiff's Federally Registered Trademarks, as defined below in paragraph 21.

16.     Upon information and belief, due to the nature of Defendants and their business practices, the identities of the various John Does, Jane Does, and XYZ Companies are not presently known, and the Complaint will be amended, if appropriate, to include the name or names of said individuals or companies when such information becomes available.

## PLAINTIFFS' ACTIVITIES

17.     Plaintiffs are industry leaders in the design, marketing, and distribution of a variety of merchandise including but not limited to apparel, belts, cosmetics, eyewear, footwear, handbags, jackets, jewelry, perfumes, wallets, and watches bearing Plaintiffs' Federally Registered Trademarks.

18.     For decades, Plaintiffs have developed their reputations and distinctive images across expanding product lines in both domestic and international markets.

19.     Plaintiffs advertise, market, and sell their merchandise through numerous distribution channels including but not limited to exclusive retail stores, department stores, and online through Plaintiffs' websites.

20.     Plaintiffs annually expend millions of dollars advertising their products.

21.     Plaintiffs are the owners of numerous trademark registrations with the United States Patent & Trademark Office, including but not limited to those listed on Exhibit A attached hereto (hereinafter collectively referred to as "Plaintiffs' Federally Registered Trademarks").

22.     Plaintiffs are the exclusive distributors or licensors in the United States of their merchandise, all of which bear one or more of Plaintiffs' Federally Registered Trademarks.

23.     Plaintiffs are responsible for designing and/or licensing, assembling, finishing, marketing and selling in interstate commerce high quality apparel, belts, cosmetics, eyewear, footwear, handbags, jackets, jewelry, perfumes, wallets, watches, and many other products.

24.     Plaintiffs' Federally Registered Trademarks are in full force and effect and many have become incontestable pursuant to 15 U.S.C. § 1065.

25.     Plaintiffs have used Plaintiffs' Federally Registered Trademarks for many years, and in some instances decades, on and in connection with their merchandise.

26.     Plaintiffs' Federally Registered Trademarks identify high quality merchandise originating with Plaintiffs.

27.     Plaintiffs have gone and continue to go to great lengths to protect their names and enforce Plaintiffs' Federally Registered Trademarks.

**DEFENDANTS' INFRINGING ACTIVITIES**

28.     Upon information and belief, Defendants have infringed, continue to infringe, and threaten to further infringe Plaintiffs' Federally Registered Trademarks by manufacturing, distributing and selling unauthorized merchandise, including but not limited to high quality apparel, belts, cosmetics, eyewear, footwear, handbags, jackets, jewelry, perfumes, wallets, and watches. The unauthorized products, which are being manufactured, distributed, and/or sold by Defendants, bear unauthorized copies of Plaintiffs' Federally Registered Trademarks. Defendants' counterfeiting and infringing activities constitute unauthorized public display and distribution of products bearing Plaintiffs' Federally Registered Trademarks.

29.     Long after Plaintiffs' use and registration of Plaintiffs' Federally Registered Trademarks, Defendants, on information and belief, commenced the manufacture, distribution, and/or sale of merchandise bearing counterfeits and infringements of Plaintiff's Federally Registered Trademarks as those trademarks appear on Plaintiffs' products and as shown in Exhibit A to this Complaint.

30.     Upon information and belief, the activities of Defendants complained of herein constitute willful and intentional infringement of Plaintiffs' Federally Registered Trademarks, are in total disregard of Plaintiffs' rights, and were commenced and have continued in spite of Defendants' knowledge that the use of any of Plaintiff's Federally Registered Trademarks, or copies or colorable imitations thereof, was and is in direct contravention of Plaintiffs' rights.

31.     Use by Defendants of copies of Plaintiffs' Federally Registered Trademarks has been without Plaintiffs' consent, is likely to cause confusion and mistake in the minds of the purchasing public, and, in particular, tends to and does falsely create the impression that the goods sold by Defendants are authorized, sponsored, or approved by Plaintiffs when, in fact, they are not.

**A.     *Manhattan Mini Storage, 260 Spring Street***
         ***Floor 8, Aisle 18, Room 28 &***
         ***Floor 8, Aisle 18, Room 13***
         ***New York, New York 10013***

32.     On October 19, 2017, Plaintiffs dispatched an investigator to this location to assess whether or not counterfeit merchandise bearing Plaintiffs' Federally Registered Trademarks were being manufactured, distributed, and/or sold.  While at this location, on the 8th Floor, Aisle 18, in Room 28, the investigator observed counterfeit boots offered for sale bearing the Federally Registered Trademarks of Timberland.  The investigator made an evidential purchase of one pair of counterfeit Timberland boots for sixty U.S. Dollars ($60.00).

33.     On November 7, 2017, Plaintiffs dispatched an investigator to this location to assess whether or not counterfeiting was ongoing.  While at this location, on the 8th Floor, Aisle 18, in Room 13, the investigator observed counterfeit apparel offered for sale bearing the Federally Registered Trademarks of TNF.

B.     *155 West 29th Street*
       *Basement*
       *New York, New York 10001*

34.     Plaintiffs have previously conducted at least one civil seizure of counterfeit merchandise at this location on or about April 3, 2017.

35.     On October 31, 2017, Plaintiffs dispatched an investigator to the basement of this location to assess whether or not counterfeit merchandise bearing Plaintiffs' Federally Registered Trademarks were being manufactured, distributed, and/or sold.  While in the basement of this location, the investigator observed counterfeit merchandise in three rooms on the right side of the hall.  In the first of the three rooms, the investigator observed counterfeit belts offered for sale bearing the Federally Registered Trademarks of Burberry and Hermès.  Also in the first room, the investigator observed counterfeit handbags offered for sale bearing the Federally Registered Trademarks of MK.  The investigator made an evidential purchase of counterfeit MK handbags for one hundred U.S. Dollars ($100.00).



***Figure 1. Door to First Room***

36.     Also on October 31, 2017 while at this location, in the second of the three rooms, the investigator observed counterfeit handbags bearing the Federally Registered Trademarks of MK.



***Figure 2. Door to Second Room***

37.     Also on October 31, 2017 while at this location, in the third of the three rooms, the investigator observed counterfeit handbags offered for sale bearing the Federally Registered Trademarks of MK in room marked #3.  The investigator made an evidential purchase of counterfeit MK handbags for five hundred U.S. Dollars ($500.00).

9



*Figure 3. Door to Third Room*

C.   ***Ford Windstar Minivan***
     ***Pennsylvania license plate nos. ZKJ0543, ZFP7371, & KGS3676***
     ***Broadway between 28th and 29th Streets***
     ***New York, New York 10001***

38.   Plaintiffs have previously conducted at least one civil seizure of counterfeit merchandise from the Ford Windstar Minivan at this location on or about May 4, 2017.

39.   On November 6, 2017, Plaintiffs dispatched an investigator to the Ford Windstar Minivan at this location to assess whether or not counterfeit merchandise bearing Plaintiffs' Federally Registered Trademarks were being manufactured, distributed, and/or sold. While at this location, the investigator observed counterfeit handbags offered for sale bearing the Federally Registered Trademarks of MK. The investigator made an evidential purchase of two counterfeit MK handbags for one hundred U.S. Dollars ($100.00).

## FIRST CAUSE OF ACTION
## TRADEMARK COUNTERFEITING
## 15 U.S.C §1114

40.    Plaintiffs repeat and reallege the allegations of the previous paragraphs as though fully set forth herein.

41.    Defendants have used spurious designations that are identical with, or substantially indistinguishable from, Plaintiffs' Federally Registered Trademarks on goods covered by registrations for Plaintiffs' Federally Registered Trademarks.

42.    Defendants are intentionally and willfully using these spurious designations knowing they are counterfeit in connection with the advertising, sale, offering for sale and distribution of counterfeit goods for their own personal financial gain and such intentional and willful conduct by the Defendants makes this an exceptional case.

43.    Defendants' use of the Plaintiffs' Federally Registered Trademarks to advertise, offer for sale, sell and distribute Defendants' counterfeit products was and is without the consent of Plaintiffs.

44.    Defendants' unauthorized use of Plaintiffs' Federally Registered Trademarks on and in connection with the advertising and sale of counterfeit goods constitutes Defendants' use of Plaintiffs' Federally Registered Trademarks in commerce.

45.    Defendants' unauthorized use of Plaintiffs' Federally Registered Trademarks as set forth above is likely to:

(a)    cause confusion, mistake and deception;

(b)    cause the public to believe that Defendants' counterfeit products are the same as Plaintiffs' products and/or that Defendants are authorized, sponsored or approved by Plaintiffs or that Defendants are affiliated, connected or associated with or in some way related to Plaintiffs; and

(c)     result in Defendants unfairly benefiting from Plaintiffs' advertising and promotion and profiting from the reputation of Plaintiffs and Plaintiffs' Federally Registered Trademarks all to the substantial and irreparable injury of the public, Plaintiffs and Plaintiffs' Federally Registered Trademarks and the substantial goodwill represented thereby.

46.     Defendants' acts as aforesaid constitute trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

47.     Plaintiffs have no adequate remedy at law and have suffered and continue to suffer irreparable harm and damage as a result of Defendants' acts as aforesaid in an amount not thus far determined but believed to be in excess of Two Million Dollars ($2,000,000) per Plaintiff.

48.     Defendants' wrongful acts of counterfeiting will continue unless enjoined by this Court.

49.     Upon information and belief, Defendants have obtained gains, profits and advantages as a result of their wrongful acts in an amount thus far not determined but believed to be in excess of Two Million Dollars ($2,000,000) per Plaintiff.

## SECOND CAUSE OF ACTION
## TRADEMARK INFRINGEMENT
## 15 U.S.C. §1114

50.     Plaintiffs repeat and reallege the allegations of the previous paragraphs as though fully set forth herein.

51.     Plaintiffs' Federally Registered Trademarks are fanciful and arbitrary and are associated in the mind of the public with Plaintiffs.

52.     Based on Plaintiffs' extensive advertising, sales and the wide popularity of Plaintiffs' products, Plaintiffs' Federally Registered Trademarks have acquired secondary

meaning so that any product and advertisement bearing such trademarks is immediately associated by purchasers and the public as being a product and affiliate of Plaintiffs.

53.    Defendants use Plaintiffs' Federally Registered Trademarks in connection with Defendants' sale, distribution and advertising of their counterfeit and infringing goods.

54.    Defendants' activities as aforesaid constitute Defendants' use in commerce of Plaintiffs' Federally Registered Trademarks.

55.    Defendants have used Plaintiffs' Federally Registered Trademarks without Plaintiffs' consent or authorization. Defendants' use, including the sale and distribution of infringing products in interstate commerce, is likely to cause confusion and mistake in the minds of the public, leading the public to believe that Defendants' products emanate or originate from Plaintiffs, or that Plaintiffs have approved, sponsored or otherwise associated themselves with Defendants, which is untrue.

56.    Defendants have intentionally used Plaintiffs' Federally Registered Trademarks in connection with the offering for sale, sale, and distribution of counterfeit goods, knowing they are the exclusive property of Plaintiffs.

57.    Defendants' conduct is intended to exploit the goodwill and reputation associated with Plaintiffs' Registered Trademarks.

58.    Plaintiffs have no control over the quality of Defendants' counterfeit merchandise. Because of the very real likelihood of confusion as to the source of Defendants' products, Plaintiffs' reputation and valuable goodwill in the Trademarks is at the mercy of Defendants' unscrupulous tactics.

59.     Defendants' activities as aforesaid create the false and misleading impression that Defendants are sanctioned, assigned or authorized by Plaintiffs to use Plaintiffs' Federally Registered Trademarks to advertise, manufacture, distribute, appraise, offer for sale or sell counterfeit products bearing Plaintiffs' Federally Registered Trademarks when Defendants are not so authorized.

60.     Defendants engage in the aforementioned activity with the intent to confuse and deceive consumers into believing that Defendants and the goods they sell are in some way sponsored by, affiliated or associated with Plaintiffs when the Defendants are not.

61.     Defendants' unauthorized use of Plaintiffs' Federally Registered Trademarks as set forth above has resulted in Defendants unfairly benefiting from Plaintiffs' advertising and promotion and profiting from Plaintiffs' reputation and Plaintiffs' Federally Registered Trademarks, to the substantial and irreparable injury of the public, Plaintiffs and Plaintiffs' Federally Registered Trademarks and the substantial goodwill represented thereby.

62.     Defendants' aforesaid acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

63.     Defendants' acts have caused, and will continue to cause, great and irreparable injury to Plaintiffs, and unless such acts are restrained by this Court, they will continue, thereby causing Plaintiffs to continue to suffer great and irreparable injury. Plaintiffs have no adequate remedy at law.

64.     Plaintiffs are informed and believe and thereon allege that Defendants' infringement is both intentional and egregious.

65.    Plaintiffs have no adequate remedy at law and are suffering irreparable harm and damage as a result of the aforesaid acts of Defendants in an amount thus far not determined but believed to be in excess of Two Million Dollars ($2,000,000) per Plaintiff.

66.    Upon information and belief, Defendants have obtained gains, profits and advantages as a result of their wrongful acts in an amount thus far not determined but believed to be in excess of Two Million Dollars ($2,000,000) per Plaintiff.

## THIRD CAUSE OF ACTION
## FALSE DESIGNATIONS OF ORIGIN,
## FALSE DESCRIPTIONS AND REPRESENTATIONS
## 15 U.S.C. §1125(a)

67.    Plaintiffs repeat and reallege the allegations of the previous paragraphs as though fully set forth herein.

68.    Defendants have, in connection with their goods, used in commerce, and continue to use in commerce, Plaintiffs' Federally Registered Trademarks.

69.    Defendants have affixed, applied and used in connection with their sale of goods, false designations of origin and false and misleading descriptions and representations, including Plaintiffs' Federally Registered Trademarks, which tend falsely to describe the origin, sponsorship, association or approval by Plaintiffs of the goods sold by the Defendants.

70.    Defendants use one or more of Plaintiffs' Federally Registered Trademarks with full knowledge of the falsity of such designations of origin, descriptions and representations, all to the detriment of Plaintiffs.

71.    Defendants' use of Plaintiffs' Federally Registered Trademarks on the counterfeit goods constitutes false descriptions and representations tending to falsely describe or represent